Filed 7/8/16  P. v. Joachim CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

THE PEOPLE,

     Plaintiff and Respondent,

     v.

DUANE SCOTT JOACHIM,

     Defendant and Appellant.

_____/

     A147193

     (Sonoma County
     Super. Ct. No. SCR617792)

     In May 2012, the prosecution charged Duane Scott Joachim with first degree burglary (Pen. Code, §§ 459, 460)[1] and alleged prior convictions.  In 2013, Joachim pled no contest to second degree burglary (§ 459) and admitted a prior felony conviction (§ 667.5, subd. (b)) and the Sonoma County Superior Court sentenced him to state prison.[2]  In 2015, the court denied Joachim's petition for writ of habeas corpus seeking additional custody credits.

---

[1]     Unless noted, all further statutory references are to the Penal Code.

[2]     Joachim was later convicted of first degree burglary (§§ 459, 460) and first degree robbery (§ 211) and sentenced to seven years in state prison, which included an eight-month consecutive term for the Sonoma County conviction.  (Contra Costa County Super. Ct., No. 51312354.)  Joachim appealed, and a division of this court remanded to the trial court with directions to impose and stay the term on the burglary conviction and to correct clerical errors in the abstract of judgment relating to the Sonoma County conviction.  (*People v. Joachim* (June 2, 2015, A140719) [nonpub. opn.].)

1

Several months later, Joachim filed a petition for writ of error coram nobis alleging a violation of his right to speedy trial (§ 1381). Joachim claimed he had filed a demand for speedy trial in late April 2012. The court denied the coram nobis petition. It concluded Joachim did not state a claim for a violation of his statutory right to speedy trial because "the Complaint in this matter was not filed until **May 11, 2012**. A . . . [s]ection 1381 demand cannot be filed before there is actually a criminal complaint alleged."

Joachim appealed. His appointed counsel filed an opening brief raising no issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel informed Joachim he had the right to file a supplemental brief on his own behalf but Joachim declined to do so. We have reviewed the record pursuant to *Wende* and find no reasonably arguable appellate issue. The court did not abuse its discretion by denying Joachim's petition for writ of error coram nobis. (*People v. Kim* (2009) 45 Cal.4th 1078, 1092, 1095; *People v. Wilson* (1963) 60 Cal.2d 139, 146.)

The denial of Joachim's coram nobis petition is affirmed.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.